UNITED STATES of America,
Appellee,

v.

Kenneth B. HOWE, Jr., George B. Cantu, Bobby Dale Blankenship, Sr., Virgil R. Rohmann, George Irving Secord, Joel Harrison, Daniel Lee Pryor, Todd Story, Christopher Scolaro, Jason Putano, Richard L. Neal, Michael J. Howe, Lisa M. Howe, Catherine Howe, Kenneth B. Howe, Sr., Jack Godoy, Timothy Gregory, a/k/a "Timothy Moore"; Peter Guirastante, John Edward Neely, Quentin Campbell, Ida Brown, Jerry Ann Treuer, Mark W. Wilson, Ronald Bullock, a/k/a "Hairball", Bob Rogers, Patrick Borelli, Eric Mandl, Defendants,

**Andy E. Maslin, Defendant–Appellant.**

**Docket No. 00–1705.**

United States Court of Appeals,
Second Circuit.

Feb. 21, 2002.

Barbara D. Cottrell, Miroslav Lovric, on the brief, Assistant United States Attorneys, for Joseph A. Pavone, United States Attorney for the Northern District of New York, Albany, NY, for Appellee.

Bruce R. Bryan, Syracuse, NY, and Andy E. Maslin, pro se, Syracuse, NY, for Defendant–Appellant.

Present LEVAL and CALABRESI, Circuit Judges, and RAYMOND J. DEARIE,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant–Appellant Andy Maslin ("Maslin") appeals from a judgment of conviction entered on October 16, 2000 in the United States District Court for the Northern District of New York (McAvoy, J.). Maslin was charged pursuant to an indictment dated May 10, 1999, along with twenty-seven other defendants, with conspiracy to possess, with intent to distribute, marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.

From his first appearance before the district court in June 1999 through the trial, which began on March 7, 2000, Maslin was represented by a succession of six attorneys. On or about July 22, 1999, Maslin and his then-attorney entered into a proffer agreement with the Government, which provided in relevant part that "[a]ny statements made by your client are on the record, that is, any statements Defendant makes can and will be used by the government against Defendant, except as limited

---

* The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

below." Maslin thereafter gave a debriefing statement to the Government in which he made admissions regarding his involvement with the crime charged. Subsequently, the parties entered into plea negotiations, which ultimately failed.

In the interim, the trial, which was originally scheduled for December 27, 1999, was adjourned to permit a competency evaluation of Maslin. Following a notice issued by the district court on February 23, 2000, scheduling the trial for March 7, 2000, defense counsel requested a further adjournment on the grounds (1) that Maslin had only been recently released from a federal facility in Virginia, where he had undergone psychiatric evaluation, and that, during Maslin's confinement there, "it was virtually impossible for [counsel] to speak with [Maslin] regarding his defense[,] thus hindering [counsel's] ability to prepare his case," (2) that defense counsel had not been aware that trial was imminent, and (3) that he had not yet received discovery materials from the prosecutor. With respect to discovery, defense counsel acknowledged that the prosecutor had made the materials, which were characterized as "numerous and voluminous," available at the U.S. Attorney's Office. Based on the foregoing, defense counsel argued that "it would be unfair to compel ... Maslin to stand trial with such short notice and without the ability to review all of the documents and evidence that may be presented against him."

The district court denied Maslin's motion for a continuance and, since Maslin had been found competent to stand trial and no parties objected to that finding, the court proceeded with the trial. At trial, the Government introduced, in its case-in-chief, admissions made by Maslin during the course of the debriefing that was conducted pursuant to the proffer agreement that Maslin had entered into with the Gov-

ernment. Because no audio recordings or verbatim transcripts of Maslin's statements were made during the debriefing, the Government introduced the testimony of John Bokal, an agent of the FBI who was present during the debriefing, regarding his recollection of the admissions there made by Maslin.

On appeal, Maslin makes several claims, including (1) that the district court erred in permitting the Government to introduce Maslin's debriefing statements as part of its case-in-chief, (2) that the district court abused its discretion when it denied Maslin's motion for a continuance, (3) that there was insufficient evidence of a single conspiracy, and (4) that Maslin's trial counsel rendered ineffective assistance in failing to file pretrial motions and adequately to request or obtain discovery. In addition, Maslin filed a brief, *pro se*, in which he contends (1) that he was denied his right to a speedy trial, and (2) that 21 U.S.C. § 841 is unconstitutional.

 With respect to the first claim, Maslin argues that the proffer agreement was ambiguous regarding the admissibility of his statements and that, in any event, he did not knowingly, voluntarily and intelligently waive his rights under Fed.R.Evid. 410 and Fed.R.Crim.P. 11(e)(6). The district court's interpretation of a proffer agreement is a matter of contractual interpretation and, hence, a question of law, which we review *de novo*. *United States v. Liranzo*, 944 F.2d 73, 77 (2d Cir.1991). Defense counsel made several hearsay objections during Bokal's testimony. At no time, however, did the defense object to the admissibility of Maslin's debriefing statements on the grounds either that Maslin's statements were inadmissible in the Government's case-in-chief, or that Maslin had not knowingly, intelligently or voluntarily waived his rights under Fed. R.Evid. 410 and Fed.R.Crim.P. 11(e)(6) to permit such statements to be admitted at

his trial. Because this claim was not raised before the district court, it is deemed unpreserved and, thus, forfeited on appeal. *See* Fed.R.Crim.P. 52(b); *Johnson v. United States*, 520 U.S. 461, 464, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Olano*, 507 U.S. 725, 731, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). While we acknowledge that, pursuant to Fed.R.Crim.P. 52(b), the failure of a timely objection would not deprive us of the discretion to review Maslin's forfeited claim on appeal, we decline to exercise such discretion in this case.

We have considered all of Maslin's remaining contentions and have found them to be without merit. The district court's judgment of conviction is AFFIRMED.